EVANS, D. B. A. EVANS' PHARMACY, APPELLANT, *v.* BOWERS, TAX COMMR., APPELLEE.

(No. 6261—Decided November 10, 1959.)

*Mr. James L. Ostrander* and *Mr. Harry M. Wasserman,* for appellant.

*Mr. Mark McElroy,* attorney general, and *Mr. Joseph L. White,* for appellee.

BRYANT, P. J. The question before the court at this time arises upon a motion to dismiss the appeal. Fannie C. Evans, d. b. a. Evans' Pharmacy, appellant herein, appealed to this court from a decision of the Board of Tax Appeals affirming a tax assessment against her by Stanley J. Bowers, Tax Commissioner, appellee herein.

Section 5717.04 of the Revised Code governs appeals from the Board of Tax Appeals to this court and requires the filing of a notice of appeal in three places, to wit, (1) with this court, (2) with the Board of Tax Appeals and (3) with the Tax Commissioner. Such notice must "set forth the decision of the board appealed from and the errors therein complained of," and be filed within thirty days after the entry of the decision challenged.

Only those notices of appeal filed with the board and with the Tax Commissioner are challenged in the motion here under

consideration. Upon examination of the record, we find that the transcript filed by the board includes a copy of the decision complained of, and that was filed within thirty days of the time the decision was rendered. A liberal interpretation of the remedial nature of the statute in question would seem to indicate that this was a sufficient compliance.

We have searched the record carefully and are unable to locate the copies of the notice of appeal admittedly filed with the board and with the Tax Commissioner in time, and for that reason we are unable to express an opinion directly on what they did or did not contain.

For the reasons above set forth, the motion must be overruled.

*Motion overruled.*

DUFFY and McLAUGHLIN, JJ., concur.

(Decided December 31, 1959.)

ON MOTION to reconsider.

BRYANT, P. J. The question before the court at this time arises under a motion filed on behalf of Stanley J. Bowers, Tax Commissioner, appellee herein, asking this court to reconsider its opinion announced November 10, 1959, and a motion filed on behalf of Fannie C. Evans, d. b. a. Evans' Pharmacy, appellant herein, to dismiss the motion to reconsider because nothing new is offered in support thereof that was not previously before this court.

This is an appeal under the provisions of Section 5717.04 of the Revised Code requiring notice of appeal from the Board of Tax Appeals to be filed with this court, the board and the Tax Commissioner. No question was raised with reference to the notice of appeal filed with this court, but as to the notices required to be filed with the board and the Tax Commissioner, it was claimed that each was defective for alleged failure to set forth therein (1) the decision of the board appealed from and (2) the errors therein complained of.

As to the failure of the notice of appeal to specify the errors complained of, no proof was offered. The notice of appeal on file in this court, claimed to be identical with that filed with

the board and the Tax Commissioner, specified with particularity six alleged errors in the decision complained of. As to the alleged failure to set forth the decision of the board appealed from, it was noted that an exact copy of the decision was included in the certified transcript of the record of the proceedings of the board filed in this court and that it arrived within thirty days after the date of the entry of the decision of the board on the journal of the board. It is our decision holding that this was a sufficient compliance that we are asked to reconsider.

We pointed out in our earlier opinion that the record certified to us by the Board of Tax Appeals failed to include among the original papers either the notice of appeal filed with the board or that filed with the Tax Commissioner. The board's own transcript indicated that such notice had been received by it and the proof of service filed in this court by appellant indicated that such notice had been filed both with the board and the Tax Commissioner. The opinion pointed out the difficulty of passing upon the sufficiency of these two notices when they are not included in the record certified to us by the Board of Tax Appeals.

In the meantime, under date of December 1, 1959, the clerk of this court by mail received a letter from counsel for the appellant transmitting three documents one of them being a copy of notice of appeal filed July 31, 1959, with the Tax Commissioner. This letter asks that the documents in question be attached to the motion to reconsider. It also states that "in the very near future" the notice of appeal filed with the board and certain other original papers and file will be transmitted to the court. In the three weeks since that letter was written nothing further has been forthcoming.

For the reasons above set forth the motion for reconsideration will be overruled, and the opinion of November 10, 1959, is reaffirmed. The motion of the appellee to dismiss, being unnecessary, is overruled.

*Judgment accordingly.*

DUFFY and McLAUGHLIN, JJ., concur.

McLAUGHLIN, J., of the Fifth Appellate District, sitting by designation in the Tenth Appellate District.